Filed 10/22/20  P. v. Patterson CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>DONTE QWAN PATTERSON,<br><br>Defendant and Appellant. | B304750<br><br>(Los Angeles County<br>Super. Ct. No. BA142937) |

APPEAL from an order of the Superior Court of Los Angeles County, George G. Lomeli, Judge.  Affirmed.

Johanna Pirko, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————

Donte Qwan Patterson appeals from a postjudgment order summarily denying his petition for resentencing under Penal Code section 1170.95.[1] No arguable issues have been identified by Patterson's appointed appellate counsel following her review of the record or by Patterson in his supplemental letter brief to this court. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

A jury in 1998 convicted Patterson of first degree murder (§ 187, subd. (a); count 1) and conspiracy to commit murder (§§ 182, subd. (a)(1), 187; count 2). The jury found true as to both counts the special circumstance the murder was intentional and was committed by discharging a firearm from a vehicle with the intent to kill (§ 190.2, subd. (a)(21)). The jury also found true as to count 1 a principal was armed with a firearm (§ 12022, subd. (a)(1)). The trial court sentenced Patterson on count 1 to life imprisonment without the possibility of parole plus one year for the firearm enhancement. The court imposed a concurrent term of life imprisonment without the possibility of parole on count 2. We affirmed Patterson's conviction on appeal. (*People v. Patterson* (Jan. 2, 2000, B119983) [nonpub. opn.] (*Patterson I*).)

On July 12, 2019 Patterson, representing himself, filed a form petition/declaration in superior court to vacate his conviction and to be resentenced in accordance with recent statutory changes relating to accomplice liability for murder. Patterson requested, and the superior court appointed, an attorney to represent Patterson.

---

[1] Statutory references are to this code.

2

The People filed a response to the petition in which they argued section 1170.95 was unconstitutional and did not apply to Patterson because the jury found true the murder was committed with the intent to kill, not based on a theory of felony murder. On November 7, 2019 the superior court summarily denied the petition for resentencing, finding Patterson ineligible for relief under section 1170.95 because "the evidence reflects that he was not prosecuted under a doctrine involving the felony murder rule [or] the natural and probable consequences theory."[2] On February 7, 2020 the court denied Patterson's motion for reconsideration. Patterson timely appealed.

## DISCUSSION

1. *Senate Bill No. 1437 and the Right To Petition To Vacate Certain Prior Convictions for Murder*

Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015) (Senate Bill 1437), effective January 1, 2019, amended the felony murder rule and eliminated the natural and probable consequences doctrine as it relates to murder through amendments to sections 188 and 189. New section 188, subdivision (a)(3), provides, "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime."

---

[2] The trial court also found as an independent basis for denying relief that section 1170.95 is unconstitutional. We do not reach this alternative ruling.

3

New section 189, subdivision (e), in turn, provides with respect to a participant in the perpetration or attempted perpetration of a felony listed in section 189, subdivision (a), in which a death occurs—that is, as to those crimes that provide the basis for the charge of first degree felony murder—that the individual is liable for murder "only if one of the following is proven:  [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2."

Senate Bill 1437 also permits, through new section 1170.95, an individual convicted of felony murder or murder under a natural and probable consequences theory to petition the sentencing court to vacate the conviction and be resentenced on any remaining counts if he or she could not have been convicted of murder because of Senate Bill 1437's changes to the definition of the crime.  The petition must include a declaration by the petitioner that he or she is eligible for relief under this section, the superior court case number and year of the petitioner's conviction and a statement whether the petitioner requests the appointment of counsel.  (§ 1170.95, subd. (b)(1); see *People v. Verdugo* (2020) 44 Cal.App.5th 320, 326-327, review granted March 18, 2020, S260493 (*Verdugo*).)[3]

---

[3]     The Supreme Court in *Verdugo*, *supra*, S260493 ordered briefing deferred pending its disposition of *People v. Lewis* (2020) 43 Cal.App.5th 1128, review granted March 18, 2020, S260598.

4

If the petition contains all required information, section 1170.95, subdivision (c), prescribes a two-step process for the court to determine if an order to show cause should issue: "'The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section. If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner. The prosecutor shall file and serve a response . . . and the petitioner may file and serve a reply . . . . If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause.'" (*Verdugo, supra*, 44 Cal.App.5th at p. 327.)

Once the order to show cause issues, the court must hold a hearing to determine whether to vacate the murder conviction and to recall the sentence and resentence the petitioner on any remaining counts. (§ 1170.95, subd. (d)(1); see *Verdugo, supra*, 44 Cal.App.5th at p. 327.) At the hearing the prosecution has the burden of proving beyond a reasonable doubt that the petitioner is ineligible for resentencing. (§ 1170.95, subd. (d)(3).) The prosecutor and petitioner may rely on the record of conviction or offer new or additional evidence to meet their respective burdens. (See *People v. Lewis* (2020) 43 Cal.App.5th 1128, 1136, review granted Mar. 18, 2020, S260598.)

---

The Court limited briefing and argument in *People v. Lewis* to the following issues: "(1) May superior courts consider the record of conviction in determining whether a defendant has made a prima facie showing of eligibility for relief under Penal Code section 1170.95? (2) When does the right to appointed counsel arise under Penal Code section 1170.95, subdivision (c)?"

5

2. *The Superior Court Properly Ruled Patterson Did Not Make the Required Prima Facie Showing of Entitlement to Relief*

In accordance with the procedures described in *People v. Cole* (2020) 52 Cal.App.5th 1023, review granted Oct. 14, 2020, S264278), we appointed counsel to represent Patterson on appeal. After reviewing the record, counsel filed a brief raising no issues. On August 26, 2020 counsel notified Patterson he had 30 days to submit a brief or letter raising any grounds of appeal, contentions, or arguments he wanted the court to consider. Patterson filed an 11-page typed supplemental brief in which he argued he was eligible for relief because he was convicted under a theory of felony murder and there was no evidence in the record showing he "requested, solicited, encouraged, or commanded anyone to kill" the victim. Patterson attached two jury instructions as exhibits, CALJIC No. 8.11 defining malice aforethought and CALJIC 8.31 setting forth the elements of second degree murder. Patterson also asserted his form petition stated all the necessary facts to set forth a prima facie showing of entitlement to relief.

The superior court properly concluded Patterson was ineligible for relief under section 1170.95 as a matter of law. Contrary to his claim, Patterson was convicted as a direct aider and abettor, not under a theory of felony murder or the natural and probable consequences doctrine. The two instructions Patterson included with his supplemental brief do not show the jury was instructed on either felony murder or the natural and probable consequences doctrine. Nor does his petition contain any facts other than his checking the boxes on the form stating he was not the actual killer and was convicted under a theory of felony murder or the natural and probable consequences doctrine.

6

As we described the evidence at trial in *Patterson I, supra*, B119983, this was a driveby shooting by a group of gang members, including Patterson, to avenge the death of a rival gang member, as part of which Patterson drove the car from which the shooter fired five to seven shots, killing Laish Green. The day before the murder, Dominique, a Mansfield gang member, and Hicks, a member of the rival Geer Street gang, had a fist fight at a sports event. The next morning Hicks was shot from a car in which Dominique was a passenger. Approximately 10 Geer Street gang members, including Patterson, visited Hicks in the hospital. The gang members left in two cars, one red or burgundy and the other blue. The shooting of Green took place in Mansfield gang territory. A witness to the shooting saw a red car and blue Cutlass involved in the shooting, and he provided the license plate number of the blue Cutlass to a police officer. Another witness saw someone in the blue car wave a gun at him. That evening police officers pulled Patterson over in a blue Cutlass he owned matching the license plate number provided by the first witness. Codefendant Carl Flenoy was in the vehicle. Police officers recovered from a search of Patterson's apartment a traffic citation issued to Patterson with the blue Cutlass's license plate number and photographs of Patterson and others displaying Geer Street gang signs. Police officers later traced spent shell casings from the murder scene to Flenoy. (*Patterson I, supra*, B119983.)

Flenoy subsequently admitted to police officers he was a Geer Street gang member, he had visited Hicks at the hospital, he was in his car following the shooter's car, and a specific individual (whose name was edited out of the recording) was the driver of the shooter's car. Patterson admitted to a police officer

7

he knew Hicks had been shot and he had visited Hicks in the hospital. But Patterson denied any involvement in the shooting. Patterson also told the officer he was the only driver of his blue Cutlass the morning of the Green shooting and his brother (also a Geer Street gang member) was with him in the car. (*Patterson I, supra*, B119983.)

We concluded the trial court erred in admitting Flenoy's confession, even with Patterson's name deleted, but the error was harmless beyond a reasonable doubt, explaining, "Evidence far stronger than Flenoy's confession pointed to Patterson's guilt as conspirator and aider and abettor of the shooting. Gonzalez's testimony showed that the shots were fired from a blue car; the license plate number taken by [the witness] identified the car as Patterson's; and Patterson himself testified he was the car's only driver on the fatal morning. The evidence concerning gang memberships and motive for the killings corroborated the direct evidence of Patterson's role. So did the presence of Flenoy in Patterson's car later in the day, linking Patterson with Flenoy and hence with [the] murder weapon." (*Patterson I*, *supra*, B119983.)

Further, the jury convicted Patterson of conspiracy to commit murder, which offense requires "proof that the defendant and another person had the specific intent to agree or conspire to commit an offense, *as well as the specific intent to commit the elements of that offense,* together with proof of the commission of an overt act.'" (*People v. Johnson* (2013) 57 Cal.4th 250, 263-264; accord, *People v. Jurado* (2006) 38 Cal.4th 72, 120.) In addition, as discussed, the jury found true the special circumstance the murder was intentional and was committed by discharging a firearm from a vehicle (Patterson's blue Cutlass) with the intent

to kill.  On these facts, Patterson did not make a prima facie showing he was entitled to relief because, as the superior court found, he was a direct aider and abettor who acted with the intent to kill Green.

Because no cognizable legal issues have been raised by Patterson's appellate counsel or by Patterson, the order denying the section 1170.95 petition must be affirmed.  (See *People v. Cole, supra*, 52 Cal.App.5th at p. 1040 ; see also *People v. Serrano* (2012) 211 Cal.App.4th 496, 503; see generally *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441-442.)

## DISPOSITION

The postjudgment order denying Patterson's petition is affirmed.


FEUER, J.


We concur:


PERLUSS, P. J.


SEGAL, J.